E-FILED
Thursday, 14 March, 2013  09:15:49 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WILBERT LIPSCOMB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3021 |
| | ) | |
| BRIAN HANIES, WESTERN | ) | |
| ILLINOIS CORRECTIONAL | ) | |
| CENTER, JOHN DOES, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Pinckneyville Correctional Center, seeks leave to proceed in forma pauperis.   The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  A merit review hearing was held on February 27, 2013, to assist the Court in this review.

Plaintiff lost his right index and middle finger and part of his right thumb while cleaning a meat mixer, during Plaintiff's incarceration in Western Illinois Correctional Center in 2002.  Defendant Brian Hines allegedly told Plaintiff to clean the meat mixer.  Plaintiff

asserts that he had no training on the meat mixer and turned the mixer off before beginning to clean the inside of the mixer. However, the mixer allegedly turned on by itself.

Plaintiff successfully pursued a claim in the Illinois Court of Claims, recovering $11,000. Plaintiff argues that $11,000 does not begin to fully compensate him for the loss of his fingers.

In order to pursue a claim in federal Court, Plaintiff must allege a violation of federal law. If Plaintiff's injury were caused by deliberate indifference to a substantial risk of serious harm, then Plaintiff would state a federal claim for the violation of his Eighth Amendment right under the Constitution to be free from cruel and unusual punishment. Negligence, even gross negligence, is not enough to state an Eighth Amendment violation.

At this point the Court cannot rule out an Eighth Amendment claim. This case will therefore proceed, though Plaintiff's claim may be barred by the two year statute of limitations, as the Court informed Plaintiff at the merit review hearing. The prison will be dismissed because the prison is a not a "person" subject to suit under 42 U.S.C. § 1983.

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to a substantial risk of serious harm.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. Defendant Western Illinois Correctional Center is dismissed.

3. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known,

said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6. Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be stricken by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that

Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on May 28, 2013 at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference.  The conference will be cancelled if service has been accomplished and no pending issues need discussion.  Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

9.   Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10.   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing

address or phone number will result in dismissal of this
lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED**

**TO** send to each named Defendant pursuant to this District's
internal procedures: 1) a Notice of Lawsuit and Request for
Waiver of Service; 2) a Waiver of Service; 3) a copy of the
Complaint; and 4) this order.

ENTERED:    March 14, 2013

FOR THE COURT:

        **s/Sue E. Myerscough**
        SUE E. MYERSCOUGH
     UNITED STATES DISTRICT JUDGE